### INHABITANTS OF DANVERS *vs.* COUNTY COMMISSIONERS OF ESSEX.

Under the Rev. Sts. *c.* 14, a county commissioner is not disqualified to act in the laying out of a road, by reason of his being a taxable owner of real estate in the town in which the road, or a part of it, is prayed for ; and if he declines to act, for that reason, and a special commissioner is substituted in his place, the proceedings of the board, thus constituted, will be quashed, if seasonably excepted to.

Where, on a petition for a new road, notice was given in due form that the commissioners would proceed to view the route, &c. on a certain day, and the parties interested met the commissioners on that day, but the meeting was adjourned without any proceedings being had ; it was held that an objection to the constitution of the board of commissioners, made at the opening of the *hearing* before them, on the second day of the adjourned meeting, was seasonable, and had not been waived by the omission to make it earlier.

It seems, that an adjudication " that the public convenience and necessity require that the road prayed for should be located in part," without designating the termini, is invalid, and will not support a location, though made in due form, over part of the route prayed for.  .

SHAW, C. J.   This case comes before the court upon the petition of the town of Danvers for a writ of *certiorari* to the county commissioners of this county, upon several exceptions to their proceedings on the petition of Solomon Low and others, praying for the laying out of a new highway from Haverhill to Salem, through Bradford, Georgetown, Boxford, Topsfield and Danvers.

The first exception is, that Asa W. Wildes, Esq. one of the county commissioners, declined acting on this petition, for the reason, stated on the record, that he was interested, as a tax-paying owner of land in Topsfield, one of the towns, through which the road was proposed to be laid.   If this is not a disqualification, and forms no sufficient reason for one of the regular commissioners to withdraw, then it seems there was no sufficient reason for calling in one of the special commissioners ; and unless the exception was waived, the board was not properly constituted for proceeding on the petition.   Indeed it is a fact proved upon this petition, and not contested, that Asa F. Newhall, one of the other commissioners who did sit, was also an owner of land in one of the towns, and therefore had the same

interest, as that which Mr. Wildes had ; and if that interest disqualified Mr. Wildes, so as to warrant calling in a special commissioner, Mr. Newhall was also disqualified, and therefore the proceedings were erroneous.

Upon this exception, the court are of opinion that a commissioner is not disqualified from acting, in consequence of the small, indirect and contingent interest, which he may have as an owner of land in one of the towns through which the proposed highway may pass. This was fully considered and the reasons assigned, in *Wilbraham* v. *County Commissioners,* 11 Pick. 322. It is probable that a contrary impression, in regard to the law, was received, and might have caused the opinion upon which Mr. Wildes, the chairman of the commissioners, acted in the present case, from the case of *Ipswich* v. *County Commissioners,* 10 Pick. 519. But upon examining the latter case, it will appear that no such opinion was expressed. The exception was taken, and the fact was admitted. Two answers were given to it ; *first,* that the fact did not show such an interest as would work a disqualification ; and *secondly,* that those who then took the exception had waived it, by proceeding to a hearing on the merits, knowing the fact, but taking no exception. The court decided the case upon the latter ground. Without any determination of the question, whether the minute interest of the commissioner would have disqualified him, had the exception been seasonably taken, the court placed their adjudication expressly on the point, that if the exception was well founded, it had been waived. This decision carried no implication that the court considered the exception a valid one. It may seem to be a matter of surprise, that the case of *Ipswich* v. *County Commissioners* was not cited by the counsel or court in the later case, in 11 Pick. 322. But it will appear by inspection, that the 10th volume was not published, till long after the decision in the 11th was made. And there is no doubt that the report of it was prepared before the former case was published ; otherwise, it would have been referred to in the opinion.

It is proper, however, now to add, that both of the former decisions were made upon the acts which preceded the revised

statutes.  By the Rev. Sts. *c.* 14, § 26, it is provided that if a commissioner *resides* within a town through which the road is to pass, then another shall be called to act in his stead ; with a proviso, that if a board cannot be organized, without taking such a commissioner, then such residence shall be no disqualificatior.. Now when we consider how much stronger is the interest of a resident inhabitant, taxable for his personal as well as real estate, and participating in all the feelings of his townsmen, than that of a mere non-resident holder of real estate, liable to taxation, a provision that such residence, under certain qualifications, shall not operate as a disqualification, carries a strong implication, that the legislature did not understand or intend, that the smaller and more remote interest should operate as such disqualification

But it is next contended, in support of these proceedings, that although there was irregularity in the constitution of this board of commissioners, yet the petitioners came too late with their exception, and thereby waived it.  To this part of the case, the attention of the court has been particularly directed.  It appears by the answer of the commissioners and the evidence in the case, that the petition was presented at December term, 1839, and notice ordered, returnable on the 4th of February, 1840.  On that day, there was a formal meeting, for the purpose of taking a view of the route ; but the ground being covered with snow, nothing was done but to appoint a time for another meeting on the 9th of April  The parties met on that day, pursuant to notice, on the ground, and made such a general preliminary examination, as was thought necessary.  On the next day, the commissioners met at Boxford to hear the parties by their respective counsel.  At the opening of this hearing, the inhabitants of Danvers took the exception, upon which they now rely, to the constitution of the board ; which exception was subsequently reduced to writing and filed with the proceedings.  Under these circumstances the court are of opinion, that there was no such acquiescence on the part of the petitioners, as amounted to a waiver of their exception.  At the meeting in February, nothing was done, but to fix a time for a future meeting.  The meeting on the 9th of April, was for a general view of the ground;  The meeting on the 10th was the

first, at which the commissioners proceeded, in form of a court, to the hearing of the parties ; and at this meeting, the exception was taken. The facts therefore do not bring it within the case of *Ipswich* v. *County Commissioners*, 10 Pick. 519, where there had been a hearing on the merits before any objection was made. For these reasons, we think the proceedings were had before a board of commissioners not legally constituted, and therefore cannot be held valid.

It is not perhaps necessary to consider the other exceptions ; but there are one or two, in relation to which it may be proper to make some remarks.

It appears by the proceedings in the present case, that after the commissioners had proceeded to view the ground, and had heard the parties, they did adjudge and determine in terms, that the public convenience and necessity required that the way prayed for should be located in part, without indicating in their judgment what part. It seems extremely difficult to maintain the validity of such an adjudication. It is left entirely uncertain whether the commissioners meant to declare that common convenience and necessity required a way through Bradford, or either of the five towns mentioned in the petition, or any part of either of them. Nor can it appear that any two of the commissioners concurred in adjudging the expediency of a way through any particular section of the route. One might have been in favor of a road in Boxford, another of one in Topsfield, and another of one in Danvers, but no two in favor of either ; and yet all might concur in the vague and uncertain adjudication in question.

The statute manifestly contemplates two distinct steps, or acts, on the part of the commissioners, in laying out a highway. In the first place, they are to receive the petition, give notice, hear the parties, view the premises, and consider and adjudicate upon the common convenience and necessity of laying out, altering, or discontinuing such highway. Under this authority to lay out a highway, it has been decided that the commissioners have power to lay out a part of the way between the same *termini*. *Princeton* v. *County Commissioners of Worcester*, 17

Pick. 154. Secondly, when the commissioners shall have adjudicated upon the common convenience and necessity, they shall proceed to lay out, first giving such notice as is required before proceeding to view. Rev. Sts. *c.* 24, §§ 2. 3. 4. 6. The object of the second notice is to inform all parties interested, of the *termini* and general course of the way adjudged necessary, that they may be heard on the subject of its specific direction, and the claims of proprietors of land, in the line of its course, to damages. But it is necessary to this purpose, that the public should be informed of the *termini* and the general course of the intended way, which can only be determined by the judgment; and therefore the judgment must express them. It seems difficult to conceive that a judgment is not defective, which does not embrace a designation, by definite *termini*, of the part of the way intended to be located.

In this very case, the notice of location was ordered to three only of the five towns named in the petition. But there is nothing, in the record of the judgment, to show that the location was intended to be made in one of those three towns rather than in one or both of the other two. The judgment affected one par of the line prayed for, as much as another; and if the commissioners, when they issued their notice of location, intended to confine the location to the three towns named, it was an intention confined to their own breasts, and not expressed in their judgment, which was their only authentic and binding act. Supposing such a judgment passed shortly before one board were to go out of office, by the expiration of their term of office, and the location should come to be made by their successors; what have they to guide them, in carrying such a judgment into effect?

As the proceedings must be quashed for the reason first stated, it has been unnecessary for the court to decide whether such a judgment is fatally defective and erroneous; but as it is apparent upon the record, it was thought expedient, in stating the opinion of the court, to remark upon what appears to be an irregular and defective proceeding in a matter of general interest

to the community, in which regularity and correctness are of the highest importance.

*Writ of certiorari ordered.*

*Choate & Proctor*, for the petitioners.

*Huntington*, for the respondents.